# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMIAH MOORE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5172 |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **CORRECTIONAL FACILITY,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 8th day of November, 2021, upon consideration of Plaintiff Jeremiah Moore's *pro se* Amended Complaint (ECF No. 9), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, Moore's Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as follows:

    a. Moore's claims against Defendants Patton, Davis and Minerva arising from the disciplinary hearing and the disciplinary action imposed in June of 2020 are **DISMISSED WITHOUT PREJUDICE**.

    b. All other claims against all other Defendants are **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is **DIRECTED** to terminate the Montgomery County Correctional Facility, Dr. G. Andrew Szekely, Nancy L. Wieman, Eileen Behr, William J. Catania, Stanley M. Turtle, Julio M. Algarin, Sean P. McGee, Mark S. Murray, Sergeant Baker, and Captain Berger as Defendants.

3. Moore is given thirty (30) days to file a second amended complaint in the event he can allege additional facts to state a plausible due process claim against Davis, Patton, and Minerva as set forth in the Court's Memorandum. Any second amended complaint shall bear the title "Second Amended Complaint" and the case number 20-5172. If Moore files a second amended complaint, his second amended complaint must be a complete document that includes the bases for Moore's due process claims. When drafting his second amended complaint, Moore should be mindful of the Court's reasons for dismissing his due process claims as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. If Moore does not wish to further amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Moore fails to file any response to this Order, the Court will conclude that

Moore intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                      **BY THE COURT:**

                                      /s/ Juan R. Sánchez
                                      **JUAN R. SÁNCHEZ, C.J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).